UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER WHITEAKER,

Plaintiff,

vs.

Case No, 22019911
Hon. Sean F. Cox

CITY OF SOUTHGATE, MICHIGAN,

Defendant.

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, CHRISTOPHER WHITEAKER, by and through his attorneys, TERESA J. GORMAN, PLLC, for his First Amended Complaint, states:

**PRELIMINARY STATEMENT**

1. This action arises out of the denial by the City of Southgate, Michigan, of Plaintiff Christopher Whiteaker's reasonable accommodation requests for an exemption from City Ordinance 610.13 ("Ordinance 610.13") due to medical disability. Plaintiff suffers from General Anxiety Disorder and Major Depressive Disorder, Recurrent, pursuant to the Diagnostic and Statistical Manual of Mental Disorders – Fifth Edition, and has been treating with a mental health care provider for these mental health injuries. Ordinance 610.13 sets forth certain prohibitions against Southgate residents from maintaining chickens and other fowl on their own

property. Plaintiff is a person with a disability as defined under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHA"), and Michigan's Persons With Disabilities Civil Rights Act, MCL § 37.1201 *et seq.* ("PDCRA") Despite being provided with three (3) third party written verifications of Plaintiff's need to maintain his Emotional Support Animals ("ESAs"), six (6) chickens, at his residence located at 14748 Pennsylvania Road, Southgate, MI 48195 as well as verbal and written requests from Plaintiff and his counsel for the reasonable accommodation of a waiver of Ordinance 610.13, Defendant steadfastly refused to grant his request for a reasonable accommodation in accordance with FHA guidelines and requirements and filed misdemeanor charges against Plaintiff for violations of the ordinance.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331. This Court also has supplemental jurisdiction to hear state law claims pursuant to 28 U.S. C. §§ 1367.

3. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

4. The events giving rise to this cause of action occurred in the City of Southgate, Michigan, in the Eastern District of Michigan. Accordingly, venue lies in the United States District Court for the Eastern District of Michigan under 28 USC §1391(b).

## PARTIES

5. Plaintiff Christopher Whiteaker is a resident of the City of Southgate, Wayne County, Michigan.

6. Defendant City of Southgate is a municipal corporation that exists by virtue of the laws of the State of Michigan in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7 From approximately 2012 to March 2021, Plaintiff and his family rented a home in Wyandotte, Michigan.

8. From approximately 2014 to 2021, while living in Wyandotte, Michigan, Plaintiff maintained a number of domestic hens.

9. In June 2020, after he had maintained the chickens for many years, the City of Wyandotte, Michigan issued a civil infraction for maintaining the chickens contrary to a city ordinance.

10. In October 2020, the case was dismissed after Plaintiff, without the benefit of legal counsel, claimed a right to maintain the chickens under Michigan's Right to Farm Act.

11. Six (6) months later, in March 2021, Plaintiff purchased the home at 14748 Pennsylvania, Southgate, MI 48195.

12. When Plaintiff moved to his home at 14748 Pennsylvania Road, Southgate, MI 48195 in March 2021, he brought the hens with him.

13. On March 24, 2021, Defendant issued a citation to Plaintiff for, among other things, violation of Ordinance 610.13 "Keeping of Certain Animals; Permit Required; Sale of Fowl and Rabbits" which reads, in pertinent part:

> (a) No person shall keep or allow to be kept within the City any cows, horses, pigs, goats, pigeons or fowl or other domestic animals or insects, except birds, dogs, domestic felines, or other harmless domestic pets.

14. Plaintiff, again without benefit of legal counsel, appeared in the 28th District.

15. As he had done successfully in Wyandotte, Plaintiff claimed a right to maintain the chickens under Michigan's Right to Farm Act.

16. Shortly thereafter, Plaintiff had conversations with a representative of the Michigan Department of Agriculture and learned for the first time that Michigan's Right to Farm Act was inapplicable to his matter because the chickens and their coop were within 250 feet of a dwelling.

17. The representative of the Michigan Department of Agriculture encouraged Plaintiff to send a writing to the Michigan Commission of Agriculture and Rural Development to advocate for the right to maintain chickens in residential areas.

18. Plaintiff followed the representative's guidance and transmitted an email to the Michigan Commission of Agriculture and Rural Development to

advocate for the right to maintain chickens in residential areas wherein he advocated in general terms for a citizen's rights to maintain chickens in a residential area.

19. On May 6, 2021, Defendant issued a second citation to Plaintiff.

20. Plaintiff visited Defendant's city clerk's office and attempted to secure a permit for the chickens but was advised by an employee of Defendant that the permit application could not be located.

21. Plaintiff has suffered from depression and anxiety for many years.

22. The prospect of losing the chickens exacerbated his depression and anxiety.

23. Having heard about emotional support animals through the media, Plaintiff sought counseling from a mental health treater.

24. The mental health treater conducted the requisite testing on Plaintiff and diagnosed him with mental disabilities recognized in the Diagnostic and Statistical Manual of Mental Disorders – Fifth Edition (DSM-5), specifically Acute Stress Disorder 308.3 (F43.0).

25. Plaintiff submitted a letter from the mental health treater detailing his disabilities and his need to reside with his ESAs for disability-related comfort.

26. Through the letter from his mental health treater, Plaintiff requested a waiver from Ordinance 610.13 as a reasonable accommodation of his disability-related need to have these ESAs.

27. Defendant denied the request for a waiver from Ordinance 610.13 as a reasonable accommodation and moved forward with pursing the ordinance violation matter in the 28th District Court.

28. Plaintiff retained his current counsel who reiterated Plaintiff's request for a permit, variance or waiver of Ordinance 610.13 so that Plaintiff could continue to reside with his ESAs and benefit from the assistance provided by them in coping with the symptoms of his disabilities.

29. The second request for a permit, variance or waiver was also denied.

30. A second opinion was obtained from another mental health treater.

31. The second mental health treater also conducted the requisite testing with similar results and the diagnosis of Major Depressive Disorder, Recurrent, and Generalized Anxiety Disorder.

32. Plaintiff's mental health treater determined that all six of Plaintiff's chickens are Emotional Support Animals ("ESAs") as contemplated under the FHA and provided Plaintiff with written documentation supporting this medical determination.

33. On October 28, 2021, Plaintiff's counsel filed a Motion to Dismiss the action in the 28th District Court.

34. The 28th District Court initially denied Plaintiff's Motion to Dismiss, but granted Plaintiff's request to provide a supplemental brief and a supplemental report from Plaintiff's mental health treater in order to address the Court's concerns.

35. In the December 7, 2021 report, Plaintiff's mental health treater details that Plaintiff's depression and anxiety result in difficulties communicating, irritability, sleep disturbances and appetite problems. (Exhibit 1 – Supplemental Report)

36. In the responses to Plaintiff's Motion to Dismiss, Plaintiff's Supplemental Brief in Support, and in oral argument, Defendant conceded that Plaintiff is disabled and that a chicken is an acceptable emotional support animal. Defendant argued only, without any admissible supporting case law, that six (6) chickens is unreasonable based solely on opinion rather than law.

37. In December 13, 2021 correspondence, Plaintiff, through his counsel, provided Defendant with the supplemental report from Plaintiff's mental health treater and made yet another request for the accommodation.

38. Plaintiff submitted three (3) written reports from his health care providers detailing Plaintiff's diagnosed and properly verified medical disability to

Defendant requesting that Plaintiff be provided with the reasonable accommodation of exemption and waiver from Ordinance 610.13.

39. Through his personal conversations with Defendant's representatives, through verbal requests with and correspondence to Defendant's representatives, and from pleadings filed in the matter before the 28th District Court, Plaintiff repeated requested the reasonable accommodation of a variance and waiver of Ordinance 610.13.

40. Despite repeated requests, Defendant denied each and every request for a reasonable accommodation.

41. Despite repeated requests, Defendant never provided Plaintiff with a permit or variance request to complete and submit.

42. Defendant has had actual knowledge of Plaintiff's disabilities and his need to reside with his ESAs for disability-related comfort.

43. Plaintiff repeatedly requested a reasonable accommodation of his disability-related need to have these ESAs.

44. The accommodation requested by Plaintiff is reasonable as it does not impose any alteration in the nature of any program nor any financial or administrative burdens on Defendant.

45. Defendant continues to unlawfully deny Plaintiff's request for the reasonable accommodation of his mental disability in the form of a waiver of

Ordinance 610.13 and any other local land use and zoning restrictions that would prevent him from continuing to live with and receive emotional support from his ESAs.

46. Defendant's failure to make reasonable accommodations is discriminatory and unlawful.

47. Defendant has failed to agree to unconditionally exempt Plaintiff, based on his mental disabilities, from the rules, regulations, policies and strictures encompassed in Ordinance 610.13 regarding the maintaining of chickens by Southgate residents.

48. Each day Plaintiff is forced to live with the uncertainty of whether he will be allowed to continue having the support of his ESA chickens on his property, without repercussions from Defendant, his mental illness escalates and his mental health decompensates.

## COUNT I
## VIOLATIONS OF THE FAIR HOUSING ACT

49. Plaintiff incorporates by reference each and every allegation in paragraphs 1-48 above as if rewritten here in their entireties.

50. Plaintiff is an aggrieved person as contemplated under 42 U.S.C. § 3602.

51. Plaintiff is an individual with a disability within the meaning of the Fair Housing Act. Specifically, Plaintiff has a physical or mental impairment that substantially limits one or more of his major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

52. Plaintiff has been diagnosed with and suffers from Major Depressive Disorder, Recurrent, and Generalized Anxiety Disorder.

53. Plaintiff's depression and anxiety result in limitations of major life activities such as difficulties communicating, irritability, sleep disturbances and appetite problems.

54. Plaintiff's mental health treater determined that all six of Plaintiff's chickens are Emotional Support Animals ("ESAs") as contemplated under the FHA and provided Plaintiff with written documentation supporting this medical determination. (Exhibit 1)

55. In the matter pending in the 28th District Court, Defendant conceded that Plaintiff is disabled and that a chicken is an acceptable emotional support animal.

56. In the matter pending in the 28th District Court, Defendant argued only, without any admissible supporting case law, that six (6) chickens is unreasonable based solely on opinion rather than law.

57. The accommodation of a waiver of Ordinance 610.13 requested by Plaintiff is reasonable as it does not impose any alteration in the nature of any program nor any financial or administrative burdens on Defendant as required by the Fair Housing Act.

58. The Fair Housing Act makes it unlawful to "discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). Such discrimination includes "a refusal to make reasonable accommodation in rules, policies, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id* at § 3605(f)(3)(B).

59. Defendant engaged in intentional discrimination based on disability in violation of the Fair Housing Act by denying Plaintiff's reasonable accommodation requests, based on mental disability, for exemptions from Ordinance 610.13.

60. Defendant engaged in disparate treatment discrimination in violation of the Fair Housing Act by intentionally discriminating against Plaintiff because of his disabilities.

61. Defendant's refusal to make the reasonable accommodation of providing Plaintiff with a waiver of Ordinance 610.13 has a disparate impact on Plaintiff and any disabled person within the City who may require the assistance of emotional support animals such as "cows, horses, pigs, goats, pigeons or fowl or

other domestic animals or insects, except birds, dogs, domestic felines, or other harmless domestic pets", as contemplated in Ordinance 610.13.

62. Defendant engaged in unlawful discriminatory housing practices violation of 42 U.S.C. § 3613 by denying Plaintiff's reasonable accommodation requests, based on mental disability, for exemptions from Ordinance 610.13.

63. Defendant unlawfully coerced, intimidated, threatened, interfered with, and caused criminal charges to be brought against Plaintiff in his exercise and enjoyment of his FHA housing rights as they relate to his dwelling located at 14748 Pennsylvania, Southgate, MI 48195, in violation of 42 U.S.C. § 3617, by refusing to make reasonable accommodations, based on mental disability, regarding the rules, policies, practices and services contemplated under Ordinance 610.13.

64. Plaintiff is entitled to reasonable accommodations as a person with disabilities.

65. Defendant denied Plaintiff's requests for reasonable accommodation of exemption from Ordinance 610.13.

66. Defendant denied Plaintiff's requests for any necessary permits or forms to be completed as part of his request for a variance of or exemption from Ordinance 610.13.

67. As a result of Defendant's actions, Plaintiff's mental health has and continues to decompensate and recovery from his mental injury is thwarted.

68. Defendant is fully aware that Plaintiff suffers from disabling mental injuries, General Anxiety Disorder and Major Depressive Disorder, Recurrent, and that the threat of removal of his ESAs worsens his already serious mental health conditions.

69. Defendant knows that the threat of the removal of his ESAs and worsening mental health put Plaintiff at imminent risk of serious emotional distress and medical harm.

70. Defendant intentionally and maliciously forced Plaintiff into the impossible choice of continuing to treat his mental injuries with his ESAs or losing the medical benefits of his ESAs by complying with Ordinance 610.13 and causing irreparable harm to his mental health.

71. Defendant is fully aware that there is no legal basis to deny Plaintiff's request to be exempted from Ordinance 610.13.

72. Defendant is intentionally and willfully disregarding Plaintiff's rights as person with disabilities by refusing to grant Plaintiff's requests for the reasonable accommodation of a variance or waiver of Ordinance 610.13 without any additional conditions or requirements.

73. Defendant intentionally and maliciously continued legal action against Plaintiff that has placed Plaintiff at imminent risk of decompensated mental health and serious mental and emotional harm.

74. Plaintiff has suffered and continues to suffer extreme emotional distress and mental anguish as a result of Defendant's ongoing actions.

75. Plaintiff has experienced a significant increase in his levels of anxiety and an exacerbation of his preexisting disabling mental injuries leading to an limitations on major life activities of caring for oneself including, but not limited to, communication difficulties, inability to sleep, inability to eat, irritability, edginess and depression, as a result of Defendant's denial of his request for reasonable accommodations for exemption from Ordinance 610.13.

76. Defendant's actions as alleged in this Complaint were and are intentional, wanton, malicious, and with wrongful and reckless disregard for Plaintiff's rights.

**COUNT II**
**VIOLATIONS OF**
**THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**

77. Plaintiff incorporates by reference each and every allegation in paragraphs 1-76 above as if rewritten here in their entireties

78. Plaintiff is an individual with a disability within the meaning of the Persons With Disabilities Civil Rights Act. Specifically, Plaintiff has a physical or mental impairment that substantially limits one or more of his major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

79. Plaintiff has been diagnosed with and suffers from Major Depressive Disorder, Recurrent, and Generalized Anxiety Disorder.

80. Plaintiff's depression and anxiety result in limitations of major life activities such as difficulties communicating, irritability, sleep disturbances and appetite problems.

81. Plaintiff submitted three (3) written reports from his health care providers detailing Plaintiff's diagnosed and properly verified medical disability to Defendant requesting that Plaintiff be provided with the reasonable accommodation of exemption and waiver from Ordinance 610.13.

82. Through his personal conversations with Defendant's representatives, through verbal requests with and correspondence to Defendant's representatives, and from pleadings filed in the matter before the 28th District Court, Plaintiff repeatedly requested the reasonable accommodation of a variance and waiver of Ordinance 610.13.

83. Defendant discriminated against Plaintiff by coercing, intimidating, threatening, interfering with, and causing criminal charges to be brought against Plaintiff in his exercise and enjoyment housing rights as they relate to his dwelling located at 14748 Pennsylvania, Southgate, MI 48195, in violation of the Persons With Disabilities Civil Rights Act, MCL § 37.1201 *et seq*., by refusing to make

reasonable accommodations, based on mental disability, regarding the rules, policies, practices and services contemplated under Ordinance 610.13.

84. Plaintiff is entitled to reasonable accommodations as a person with disabilities.

85. Defendant denied Plaintiff's requests for reasonable accommodation of exemption from Ordinance 610.13.

86. As a result of Defendant's actions, Plaintiff's mental health has and continues to decompensate and recovery from his mental injury is thwarted.

87. Defendant is fully aware that Plaintiff suffers from disabling mental injuries, General Anxiety Disorder and Major Depressive Disorder, Recurrent, and that the threat of removal of his ESAs and the pending legal action in the 28th District Court, worsens his already serious mental health conditions.

88. Defendant knows that the pending legal action in the 28th District Court and the threat of the removal of his ESAs and worsening mental health put Plaintiff at imminent risk of serious emotional distress and medical harm.

89. Defendant has intentionally and maliciously forced Plaintiff into the impossible choice of continuing to treat his mental injuries with his ESAs or losing the medical benefits of his ESAs by complying with Ordinance 610.13 and causing irreparable harm to his mental health.

90. Defendant is fully aware that there is no legal basis to deny Plaintiff's request to be exempted from Ordinance 610.13

91. Defendant is intentionally and willfully disregarding Plaintiff's rights as person with disabilities by refusing to grant Plaintiff's requests for reasonable accommodations without any additional conditions or requirements.

92. Defendants have intentionally and maliciously taken action against Plaintiff that has placed Plaintiff at imminent risk of decompensated mental health and serious mental and emotional harm.

93. Plaintiff has suffered and continues to suffer extreme emotional distress and mental anguish as a result of Defendant's ongoing actions.

94. Plaintiff has experienced a significant increase in his levels of anxiety and an exacerbation of his preexisting disabling mental injuries leading to an inability sleep, irritability, edginess and depression, all as a result of Defendant's denial of his request for reasonable accommodations for exemption from Ordinance 610.13.

95. Defendant's actions as alleged in this Complaint were and are intentional, wanton, malicious, and with wrongful and reckless disregard for Plaintiff's rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Christopher Whiteaker prays that this Honorable Court grant the following remedies:

A. Issue a temporary restraining order and preliminary and permanent injunctions to enjoin Defendant (1) from taking any adverse actions whatsoever against Plaintiff relative to Ordinance 610.13; (2) from continuing to pursue the pending legal action in the 28th District Court; (3) from further initiating or levying any fines or taking other punitive or monetary measures against Plaintiff related to Ordinance 610.13; (4) from denying Plaintiff's requests for reasonable accommodations; (5) from interfering with Plaintiff's rights under the Fair Housing Act or the Persons With Disabilities Civil Rights Act; and (6) from contacting Plaintiff through any means or manner other than through counsel.

B. Declare that the aforementioned practices and actions of Defendant constitute violations of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* and the Persons With Disabilities Civil Rights Act.

C. Award Plaintiff compensatory damages;

D. Award Plaintiff punitive damages;

E. Award Plaintiff reasonable attorney's fees, costs, and interest;

F. Award Plaintiff such other relief as this Court deems just and proper.

*sI*Teresa J. Gorman
Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorneys for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel: (248) 763-6943
Fax: (248) 689-3268
terigorman@aol.com

**JURY DEMAND**

Plaintiff demands a jury trial.

*sI*Teresa J. Gorman
Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorneys for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel: (248) 763-6943
Fax: (248) 689-3268
terigorman@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2022 I electronically filed PLAINTIFF'S AMENDED COMPLAINT with the Clerk of the Court using the ECF system which sent notification of such filing to counsel for Defendant.

/s/ Teresa J. Gorman
Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorneys for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel: (248) 763-6943
Fax: (248) 689-3268
terigorman@aol.com